**Marie F. MARENGHI** and
**Louis J. MARENGHI**,

vs.

**LONERGAN DIE CO.**,
Defendants

No.

Superior Court
Commonwealth of Massachusetts

August 4, 19__

## FINDINGS, RULINGS AND ORDER FOR JUDGMENT

This matter came on to be heard before me pursuant to a G.L. c. 152, sec. 15 hearing, and upon arguments of counsel, examination of the records and transcript related to the hearing before the single member of the Industrial Accident Board, records and docket of the Superior Court at Middlesex, related affidavits and motions, the following findings and rulings are made:

The plaintiff, Marie F. Marenghi, was injured in an industrial accident, which eventually resulted in a third-party tort action for damages; said action being entered in the Superior Court at Middlesex, Docket No. 337719. At the time of said injury Ms. Marenghi (plaintiff/employee) was employed by the Bellofram Corporation, and Liberty Mutual Insurance Company was the workmen's compensation insurer for said employer.

The third-party action was filed by counsel of Liberty Mutual Insurance Company, purportedly acting on behalf of the plaintiff/employee, pursuant to the applicable provisions of G.L. c. 152. Said counsel are all members of "Boston Legal" of Liberty Mutual Insurance Company and are all salaried employees of said insurer, with appearances being filed by James P. Casey, Esquire; Jack Bourgeois, Esquire; Robert Mulroy, Esquire; Allen Whitestone, Esquire and Joseph Fidler, Jr., Esquire, with Attorney Casey being the senior counsel for said group; said appearances being filed on behalf of the plaintiff/employee or the defendant/employer in this case or before the Industrial Accident Board.

Said Boston Legal purported to represent in the Superior Court at Middlesex the plaintiff/employee, as well as Bellofram Corp., a fourth-party defendant in said action, plus the interests of Bellofram Corp. and Liberty Mutual Insurance Company, before the Industrial Accident Board in the claim of said plaintiff/employee, Case No. 55417.

Subsequent to the entry of said third-party action, the plaintiff/employee retained Frederic N. Halstrom, Esquire to represent the interests of the plaintiffs in said action. On or about October 12, 1978, Mr. Halstrom reported to Mr. Casey that a settlement had been reached in the third-party action. On October 13, 1978 Mr. Casey filed notice of intention to offer medical bills, and on October 18, 1978 Mr. Casey caused a default judgment to be entered against the defendants for failure to appear for trial; said motion for default judgment being allowed by Mitchell, J., who had previously scheduled the case for trial as a result of the efforts of Mr. Halstrom. It should be noted that Mr. Halstrom reported to the Clerk of Court that the case was settled prior to Mr. Casey's request for a default judgment.

Subsequent to the aforementioned, Mr. Casey and Boston Legal filed a motion to strike the appearance of Mr. Halstrom, and Mr. Halstrom filed a similar motion to strike the appearance of Mr. Casey and other members of Boston Legal, with both motions being heard by Fine, J. on November 9, 1978. Judge Fine denied the motion of Mr. Casey and allowed the motion of Mr. Halstrom, thereby striking the appearances of Mr. Casey and other members of Boston Legal. On November 20, 1978 Mr. Casey moved for a re-hearing on the allowance to strike his appearance, and on December 4, 1978 Judge Fine affirmed her decision of November 9, 1978.

On December 15, 1978 Alberti, J. referred a settlement petition filed by counsel of record to the Industrial Accident Board for review pursuant to G.L. c. 152.

On or about April 5, 1979, a hearing was held before a single member of the Industrial Accident Board, during which conflicting evidence was introduced as to the services rendered by Mr. Casey and

other members of Boston Legal, as well as the amounts to be reimbursed to the insurer, Liberty Mutual Insurance Company. Additionally, Mr. Halstrom brought to the attention of said member the fact that Fine, J. had stricken the appearances of Mr. Casey and other members of Boston Legal, and said member responded ". . . I can't resolve this conflict of interest problem because it is an appeal, anyway. Even if I wanted to, I don't have the authority".

On November 21, 1979 the single member rendered his decision and indicated to the other members of the Industrial Accident Board that his decision was based on the testimony of Mr. Casey and that "No other testimony was entered in this matter before the Board". In fact, other evidence and testimony had been taken, and of greater importance, said evidence was in conflict to the position taken by Mr. Casey and his associates.

It is clear and apparent that all of the members of the Industrial Accident Board did not have available to them the evidence introduced before the single member, and of more importance, it is clear and apparent that said members were led to understand that there was no contradictory or conflicting evidence to the position asserted by Mr. Casey and his associates.

It is also clear and apparent that the appearances of Mr. Casey and other members of Boston Legal were stricken by Fine, J. for the apparent conflicts of interest caused by their various appearances before the Superior Court and the Industrial Accident Board, purportedly on behalf of the plaintiff/employee, defendant/employer and the insurer. In any event, it is clear that Mr. Casey and Boston Legal, as a result of the action taken by Fine, J., were entitled, at best, to recover the fair value for their services rendered in the third-party action and that Mr. Halstrom was entitled to the full fee for said third-party recovery, less any amount that might be deemed fair and reasonable compensation for the services alleged to have been rendered by Mr. Casey and his associates.

Accordingly, the decision of the Industrial Accident Board is hereby vacated, and this matter is referred back to said Board for the further taking of evidence and the entry of a decision consistent with these findings.

By the Court,
**Augustus F. Wagner, Jr.**
**Justice of Superior Court**